1  Andrew M. Jacobs, Esq.
   Nevada Bar No. 12787
2  Blakeley E. Griffith, Esq.
   Nevada Bar No. 12386
3  Holly E. Cheong, Esq.
   Nevada Bar No. 11936
4  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
5  Las Vegas, NV 89169
   Telephone: (702) 784-5200
6  Facsimile: (702) 784-5252
   Email: ajacobs@swlaw.com
7         bgriffith@swlaw.com
          hcheong@swlaw.com
8  *Attorneys for Plaintiff*
   *Bank of New York Mellon*

9

10                    **UNITED STATES DISTRICT COURT**

11                         **DISTRICT OF NEVADA**

12  THE BANK OF NEW YORK MELLON,            Case No.: 2:16-cv-00478-JCM-GWF
    FKA THE BANK OF NEW YORK AS
13  SUCCESSOR IN INTEREST TO JP
    MORGAN CHASE BANK NA AS TRUSTEE
14  FOR STRUCTURED ASSET MORTGAGE          **STIPULATION AND ORDER TO FILE**
    INVESTMENTS II INC. BEAR STEARNS       **FIRST AMENDED COMPLAINT**
15  ALT-A TRUST 2005-9, MORTGAGE PASS-
    THROUGH CERTIFICATES, SERIES 2005-
16  9,

17                          Plaintiff,

18  vs.

19  LAS VEGAS DEVELOPMENT GROUP
    LLC, a Nevada limited-liability company;
20  ROYAL HIGHLANDS STREET AND
    LANDSCAPE MAINTENANCE
21  CORPORATION, a Nevada non-profit
    corporation; and ALESSI & KOENIG, LLC,
22  a Nevada limited-liability company;

23
                            Defendants.
24

25

26      Plaintiff the Bank of New York Mellon, fka The Bank of New York as Successor in

27  Interest to JP Morgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II

28  Inc. Bear Stearns ALT-A Trust 2005-9, Mortgage Pass-Through Certificates, Series 2005-9

("BNYM" or "Plaintiff"), and Defendants Las Vegas Development Group LLC ("LVDG") and Alessi & Koenig, LLC ("Alessi & Koenig" and collectively with BNYM and LVDG, the "Parties"), by and through their respective counsel, hereby stipulate to allow Plaintiff to file a First Amended Complaint ("FAC") as follows:

WHEREAS, on March 4, 2016, Plaintiff filed its *Complaint* (ECF No. 1) ("Complaint");

WHEREAS, no party has answered the Complaint, however both LVDG and Alessi & Koenig have appeared in the action (ECF No. 12 and ECF No. 14);

WHEREAS, the Parties agree to allow Plaintiff to file the FAC, a copy of which is attached hereto as **Exhibit 1**;

WHEREAS this request is not made for purposes of delay and is supported by good cause;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

4834-4872-7896

NOW, THEREFORE, in consideration of the foregoing, and for good cause, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties as follows:

1.      Plaintiff shall file its FAC within five (5) days of this Order;

2.      Alessi & Koenig and LVDG shall file a response to the FAC within thirty (30) days thereafter.

**IT IS SO STIPULATED.**

Dated: December 20, 2017.

SNELL & WILMER L.L.P.

By: *Blakeley E. Griffith*
    Andrew M. Jacobs (NV Bar No. 12787)
    Blakeley E. Griffith (NV Bar No. 12386)
    Holly E. Cheong (NV Bar No. 11936)
    3883 Howard Hughes Parkway, Suite 1100
    Las Vegas, NV 89169
    Telephone: (702) 784-5200
    Facsimile: (702) 784-5252
*Attorneys for Plaintiff Bank of New York Mellon*

Dated: December 20, 2017.

ROGER P. CROTEAU & ASSOCIATES, LTD.

By:    /s/ Timothy E. Rhoda
    Roger P. Croteau (NV Bar No. 4958)
    Timothy E. Rhoda (NV Bar No. 7878)
    9120 West Post Road, Suite 100
    Las Vegas, NV 89148
    Telephone: (702) 254-7775
    Facsimile: (702) 228-7719
*Attorneys for Defendant Las Vegas Development Group LLC*

Dated: December 20, 2017.

HOA LAWYERS GROUP, LLC

By:    /s/ Steven T. Loizzi
    Steven T. Loizzi , Jr. (NV Bar No. 10920)
    9500 West Flamingo Road, Suite 204
    Las Vegas, NV 89147-5721
    Telephone: (702) 222-4033
    Facsimile: (702) 222-4043
*Attorneys for Defendant Alessi & Koenig*

**ORDER**

**IT IS SO ORDERED.**                    December 22, 2017

DATED: _____

*James C. Mahan*
UNITED STATES DISTRICT COURT JUDGE

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

-3-

4834-4872-7896

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2017, I electronically filed the foregoing **STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 20th day of December 2017.

*Mary Full*

An Employee of Snell & Wilmer L.L.P.

# EXHIBIT 1

# EXHIBIT 1

Andrew M. Jacobs, Esq.
Nevada Bar No. 12787
Blakeley E. Griffith, Esq.
Nevada Bar No. 12386
Holly E. Cheong, Esq.
Nevada Bar No. 11936
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: ajacobs@swlaw.com
        bgriffith@swlaw.com
        hcheong@swlaw.com
*Attorneys for Plaintiff*
*Bank of New York Mellon*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK NA AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2005-9, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-9, <br><br> Plaintiff, <br><br> vs. <br><br> LAS VEGAS DEVELOPMENT GROUP LLC, a Nevada limited-liability company; ROYAL HIGHLANDS STREET AND LANDSCAPE MAINTENANCE CORPORATION, a Nevada non-profit corporation; ALESSI & KOENIG, LLC, a Nevada limited-liability company; and AIRMOTIVE INVESTMENTS, LLC, a Nevada limited-liability company, <br><br> Defendants. | Case No.: 2:16-cv-00478-JCM-GWF <br><br> **FIRST AMENDED COMPLAINT** |

Plaintiff, The Bank of New York Mellon, fka The Bank of New York as Successor in Interest to JP Morgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Inc. Bear Stearns ALT-A Trust 2005-9, Mortgage Pass-Through Certificates, Series 2005-9 ("BNYM" or "Plaintiff"), by and through its counsel, Snell & Wilmer L.L.P., submits this First Amended Complaint and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff BNYM is the beneficiary of a mortgage loan secured by a Deed of Trust recorded on or about August 5, 2005, against the real property located at 10912 Fishers Island Street, Las Vegas, Nevada 89141, APN 177-31-714-009 (the "Property").

2.     Upon information and belief, Defendant Las Vegas Development Group, LLC ("LVDG") is a Nevada limited-liability company doing business in Clark County, Nevada.

3.     Upon information and belief, Defendant Royal Highlands Street and Landscape Maintenance Corporation (the "HOA") is a Nevada non-profit corporation doing business in, and with its principal place of business in, Clark County, Nevada.

4.     Defendant Alessi & Koenig, LLC ("Alessi") is a Nevada limited-liability company doing business in Clark County, Nevada.

5.     Upon information and belief, Defendant Airmotive Investments, LLC ("Airmotive") is a Nevada limited-liability company doing business in Clark County, Nevada.

6.     This Court has jurisdiction over the counts of the present action pursuant to 28 U.S.C. § 1331.

7.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's claims arising under the laws of the State of Nevada, because those claims are related to Plaintiff's claims under federal law, form part of the same case or controversy, and are derived from a common nucleus of operative facts.

8.     Venue is proper in this district because Defendants reside and conduct business within this district, as provided in 28 U.S.C. § 1391(b)(1).  Alternatively, venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, as provided in 28 U.S.C. § 1391(b)(2).

9.     This Court has personal jurisdiction over Defendants because Defendants reside and conduct business within this district and the State of Nevada.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## GENERAL ALLEGATIONS

10. This case is about the constitutionality of Nevada Revised Statute ("NRS") 116.3116, both on its face and as applied. In particular, it concerns the purported extinguishment of BNYM's Deed of Trust—and also a large debt owed to BNYM—by the foreclosure of a small homeowners' association lien on the Property, though the mortgage debt came before the lien.

11. Chapter 116 of the Nevada Revised Statutes generally provides a non-judicial foreclosure scheme for a homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its monthly assessments.

12. NRS 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS 116.3116(2)(c).

13. The Ninth Circuit Court of Appeals has recently declared certain portions of Chapter 116 of the Nevada Revised Statutes unconstitutional because the notice provisions do not meet minimum standards of due process under the Fourteenth Amendment to the U.S. Constitution. *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016).

14. On or about July 25, 2005, Ronald Burnside (the "Borrower") executed a Promissory Note ("Note") secured by a Deed of Trust in the amount of Three Hundred Fifty-Four Thousand Two Hundred Fifty and 00/100 Dollars ($354,250.00) in favor of Stearns Lending, Inc. as the beneficiary, Mortgage Electronic Registration Systems, Inc. as the nominee for the lender (Stearns), and First American Title as the trustee.

15. The Deed of Trust was recorded in the Office of the Clark County Recorder ("Recorder's Office") on August 8, 2005, as Instrument Number 20050805-0004376 (the "Deed of Trust") and was filed against the Property.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1    16.    On or about July 25, 2005, Borrower executed a second promissory note in the

2    amount of Ninety Four Thousand Four Hundred Fifty and 00/100 Dollars ($94,450.00) in favor of

3    Stearns Lending, Inc. which was secured by a second deed of trust filed on the Property with the

4    Recorder's Office on August 8, 2005, as Instrument Number 20050805-0004377.

5    17.    Thereafter, BNYM is informed and believes, and thereon alleges, that Borrower

6    stopped making payments due under the Deed of Trust and likewise stopped paying HOA dues.

7    18.    On or about November 5, 2010, a Notice of Delinquent Assessment was recorded

8    with the Recorder's Office as Instrument Number 201011050003208.  The Notice of Delinquent

9    Assessment was submitted by Alessi on behalf of the HOA for outstanding amounts owed as of

10   October 7, 2010, in the amount of $1,314.11.

11   19.    On or about January 13, 2011, a Notice of Default and Election to Sell under

12   Homeowners Association Lien was recorded with the Recorder's Office as Instrument Number

13   201101130001575.  The Notice of Default and Election to Sell under Homeowners Association

14   Lien was submitted by Alessi on behalf of the HOA for outstanding amounts owed as of April 19,

15   2011, in the amount of $2,149.52.

16   20.    On or about May 4, 2011, Mortgage Electronic Registration Systems, Inc., as

17   nominee for Stearns Lending, Inc., transferred and assigned any beneficial interest in the Note

18   and Deed of Trust to BNYM, pursuant to that certain Assignment of Deed of Trust, recorded in

19   the Recorder's Office as Instrument Number 201104040002575.

20   21.    On or about April 2, 2012, a Notice of Trustee's Sale was recorded with the

21   Recorder's Office as Instrument Number 201204020001883.  The Notice of Trustee's Sale was

22   submitted by Alessi on behalf of the HOA pursuant to the November 5, 2010 Notice of

23   Delinquent Assessment and listed outstanding amounts owed as $4,622.25.  The Notice of

24   Trustee's Sale set a date of sale for April 25, 2012.

25   22.    On or about October 2, 2012, a Notice of Violation (Lien) was recorded with the

26   Recorder's Office as Instrument Number 201210020001741.  The Notice of Violation was

27   submitted by Alessi on behalf of the HOA for outstanding amounts owed as of September 18,

28   2012, in the amount of $26,200.00.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

23.     On or about December 13, 2012, a Substitution of Trustee was recorded with the Recorder's Office as Instrument Number 201212130002175 removing First American Title as the trustee and naming Quality Loan Service Corporation as the trustee under the Deed of Trust.

24.     On or about February 28, 2013, a Notice of Breach and Default and of Election to Cause Sale of Real Property under Deed of Trust was recorded with the Recorder's Office as Instrument Number 201302280003226. The Notice of Breach and Default and of Election to Sell under Deed of Trust was submitted by Quality Loan Service Corporation as the trustee for outstanding amounts owed on the Deed of Trust.

25.     On or about March 18, 2013, a Trustee's Deed upon Sale was recorded with the Recorder's Office as Instrument Number 201303080003502. The Trustee's Deed upon Sale was submitted by Alessi on behalf of the HOA and showed LVDG purchased the Property for $25,100.00 at public auction on March 6, 2013, and noted that the amount of unpaid debt together with costs was $7,896.56.

26.     On or about June 3, 2013, a Notice of Trustee's Sale was recorded with the Recorder's Office as Instrument Number 201306030003905. The Notice of Trustee's Sale was submitted by Quality Loan Service Corporation as the trustee, noting that the amount of $442,002.26 was outstanding on the Deed of Trust.

27.     On or about August 12, 2013, a Certificate with respect to the State of Nevada foreclosure mediation program was recorded with the Recorder's Office as Instrument Number 201308120001430. The Certificate was submitted by Quality Loan Service Corporation, the trustee.

28.     On or about August 19, 2013, a Notice of Trustee's Sale was recorded with the Recorder's Office as Instrument Number 201308190002005. The Notice of Trustee's Sale was submitted by Quality Loan Service Corporation as the trustee, noting that the amount of $448,108.87 was outstanding on the Deed of Trust.

29.     On or about September 12, 2013, an Amended Lis Pendens was recorded with the Recorder's Office as Instrument Number 201309120001184. The Amended Lis Pendens was filed by LVDG.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

30. On or about January 4, 2017, LVDG purported to convey the Property to Airmotive for "$1.00" by a Grant Deed recorded with the Recorder's Office as Instrument Number 20170105-0002752.

31. BNYM is the beneficiary of the Deed of Trust, with standing and authority to initiate this action.

32. On or about March 6, 2013, the HOA and Alessi wrongfully foreclosed against the Property in reliance upon NRS 116.3116 *et seq.* (the "Statute").

33. The purported foreclosure sale under NRS 116.3116 *et seq.* did not extinguish BNYM's Deed of Trust, which continues to constitute a valid encumbrance against the Property.

34. Upon information and belief, the HOA and Alessi failed to give notice, and/or failed to give constitutionally adequate notice to BNYM of the HOA's assessment lien as required by the Supreme Court in *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983), given that NRS 116.3116 *et seq.* on its face violates BNYM's rights to due process secured by both the Fifth and Fourteenth Amendments to the United States Constitution.

35. Upon information and belief, the HOA and Alessi also failed to give notice, and/or failed to give constitutionally adequate notice to BNYM of the HOA's Notice of Default and Election to Sell.

36. Upon information and belief, the HOA and Alessi also failed to give notice, and/or failed to give constitutionally adequate notice to BNYM of the HOA's Notice of Sale.

37. The HOA and Alessi failed to identify the super-priority amount claimed by the HOA and failed to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1) in the HOA's Notice of Default.

38. The HOA and Alessi failed to identify the super-priority amount claimed by the HOA and failed to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1) in the HOA's Notice of Trustee's Sale.

39. The HOA and Alessi failed to provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for the failure to do so in any of the recorded documents.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1    40.    The HOA and Alessi failed to identify the amount of the alleged lien that was for

2 late fees, interest, fines/violations, or collection fees/costs in any of the recorded documents.

3    41.    The HOA and Alessi failed to identify if the HOA was foreclosing on the super-

4 priority portion of its lien, if any, or on the sub-priority portion of its lien in any of the recorded

5 documents.

6    42.    The HOA and Alessi failed to specify in any of the recorded documents that

7 Plaintiff's interest in the Property would be extinguished by the HOA foreclosure.

8    43.    The HOA and Alessi failed to market, sell, or auction the Property for a

9 commercially reasonable value.

10    44.    Defendant LVDG purports to have purchased the Property at the March 6, 2013,

11 foreclosure sale for $25,100.00.

12    45.    The Property has an approximate fair market value well in excess of the

13 $25,100.00 purchase price.

14    46.    The sale and purchase of the Property was unconscionable and commercially

15 unreasonable.

16    47.    The HOA and Alessi failed to remit any excess proceeds from the foreclosure sale

17 to Wells Fargo in violation of NRS 116.3116 *et seq.*

18    48.    Concurrent with filing this action and pursuant to NRS 30.130, BNYM has

19 notified the Nevada Attorney General's Office of this constitutional challenge to NRS 116.3116,

20 *et seq.*

## FIRST CAUSE OF ACTION

### (Declaratory Relief under Amendment V to the United States Constitution – Takings Clause – Against All Defendants)

49.    BNYM repeats and re-alleges the allegations set forth in Paragraphs 1-48 herein.

50.    Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and

legal relations of the parties in this matter, both generally and in relation to the foreclosure sale

and the Property.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

51. The foreclosure pursuant to NRS 116.3116 *et seq.* effected a regulatory taking of BNYM's secured interest in the Property without just compensation, in violation of the Fifth Amendment to the United States Constitution which prohibits "private property be[ing] taken without just compensation." U.S. Const. amend. V.

52. NRS 116.3116 *et seq.* on its face effects a regulatory taking of BNYM's secured interest in the Property without just compensation, in violation of the Fifth Amendment.

53. An actual and justiciable controversy exists between BNYM and Defendants regarding the purported foreclosure sale and the rights associated with the foreclosure sale.

54. Without declaratory relief, an interpretation of NRS 116.3116 *et seq.*, and an interpretation of the constitutional validity of NRS 116.3116 *et seq.*, BNYM's rights and secured interest in the Property will be adversely affected.

55. Based upon the foregoing, BNYM requests an order declaring that the purported foreclosure sale under NRS 116.3116 *et seq.* did not extinguish BNYM's Deed of Trust, which continues as a valid encumbrance against the Property.

56. Based upon the foregoing, BNYM requests an order declaring that the purported foreclosure sale be voided and set aside because the foreclosure pursuant to NRS 116.3116 *et seq.* effected a regulatory taking of BNYM's secured interest in the Property without just compensation, in violation of the Fifth Amendment to the United States Constitution.

57. BNYM has been damaged by the HOA, Alessi, LVDG, and Airmotive's conduct as specified herein in an amount to be proven at trial hereof.

58. BNYM has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (Declaratory Relief under Amendments V and XIV to the United States Constitution – Due Process Clauses – Against All Defendants)

59. BNYM repeats and re-alleges the allegations set forth in Paragraphs 1-58 herein.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

60.     Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

61.     NRS 116.3116 *et seq.* on its face violates BNYM's constitutional rights, in particular those rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution which provide that the government shall not deprive any person "of life, liberty, or property, without due process of law" and is thus void and unenforceable. U.S. Const. amend. V, XIV.

62.     Any purported notice provided was inadequate, insufficient, and in violation of BNYM's rights to due process under the Fifth and Fourteenth Amendment to the United States Constitution.

63.     An actual and justiciable controversy exists between BNYM and Defendants regarding the purported foreclosure sale and the rights associated with the foreclosure sale.

64.     Without declaratory relief, an interpretation of NRS 116.3116 *et seq.*, and an interpretation of the constitutional validity of NRS 116.3116 *et seq.*, BNYM's rights and secured interest in the Property will be adversely affected.

65.     Based upon the foregoing, BNYM requests an order declaring that the purported foreclosure sale under NRS 116.3116 *et seq.* did not extinguish BNYM's Deed of Trust, which continues as a valid encumbrance against the Property.

66.     Based upon the foregoing, BNYM requests an order declaring that the purported foreclosure sale be voided and set aside because NRS 116.3116 *et seq.* on its face violates BNYM's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

67.     BNYM has been damaged by Defendants' conduct as specified herein in an amount to be proven at trial hereof. BNYM has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

///

///

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**THIRD CAUSE OF ACTION**
**(Wrongful Foreclosure against All Defendants)**

68.     BNYM repeats and re-alleges the allegations set forth in Paragraphs 1-67 herein.

69.     Defendant LVDG wrongfully purported to purchase BNYM's Property in violation of NRS 116.3116 et seq. and common law.

70.     The foreclosure sale was wrongful, because the foreclosure itself was contrary to law, in that:

(a)     NRS 116.3116 *et seq.* on its face violates BNYM's constitutional rights, in particular those rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution which provide that the government shall not deprive any person "of life, liberty, or property, without due process of law" and is thus void and unenforceable. U.S. Const. amend. V, XIV.

(b)     The foreclosure pursuant to NRS 116.3116 *et seq.* effected a regulatory taking of BNYM's secured interest in the Property without just compensation, in violation of the Fifth Amendment to the United States Constitution which prohibits "private property be[ing] taken without just compensation." U.S. Const. amend. V.; and

(c)     Any purported notice provided was also inadequate, insufficient, and in violation of BNYM's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

71.     Defendant LVDG is not a bona fide purchaser of the Property.

72.     Defendant LVDG's $25,100.00 purchase price for the Property was unconscionable.

73.     Defendant LVDG's $25,100.00 purchase price for the Property was not commercially reasonable.

74.     Based upon the foregoing, BNYM requests an order declaring that the purported foreclosure sale did not extinguish BNYM's Deed of Trust, which continues as a valid encumbrance against the Property.

75.     Based upon the foregoing, BNYM requests an order declaring that the purported

foreclosure sale be voided and set aside because neither LVDG nor Airmotive are bona fide purchasers of the Property.

76. Based upon the foregoing, BNYM requests an order setting aside the purported foreclosure sale as void because LVDG's $25,100.00 purchase price for the Property was not commercially reasonable.

77. Based upon the foregoing, BNYM requests an order declaring that the purported foreclosure sale be voided and set aside because LVDG's $25,100.00 purchase price for the Property was unconscionable.

78. BNYM has been damaged by Defendants' conduct as specified herein, by the potential loss of its security interest in the Property, in an amount to be proven at trial hereof. BNYM has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**FOURTH CAUSE OF ACTION**

**(Violation of NRS 116.1113 *et seq.* – Against the HOA and Alessi)**

79. BNYM repeats and re-alleges the allegations set forth in Paragraphs 1-78 herein, and in particular reasserts the allegations set forth in Paragraphs 32-41 herein.

80. The HOA and Alessi wrongfully foreclosed upon the Property in violation of the Statute.

81. Given the above-enumerated violations of the NRS 116.3116 *et seq.*, and particularly NRS 116.31162(1)(b)(1) and NRS 116.31164(3)(c), BNYM reasserts that the sale of the Property be voided and set aside and requests any and all damages flowing from these violations.

**FIFTH CAUSE OF ACTION**

**(Intentional Interference with Contract against All Defendants)**

82. BNYM repeats and re-alleges the allegations set forth in Paragraphs 1-81 herein.

83. BNYM had a valid contract with Borrower as evidenced by the Note and Deed of Trust, which included as part of the benefit of the bargain a first priority secured interest in the Property.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

84.     The HOA, Alessi, LVDG, and Airmotive knew or should have known of the contract between BNYM and the Borrower.

85.     The HOA and Alessi knowingly interfered with the contract between BNYM and the Borrower by failing to market, sell, or auction the Property for a commercially reasonable or fair market value, thus evidencing intent to harm BNYM.

86.     LVDG and Airmotive knowingly interfered with the contract between BNYM and the Borrower by wrongfully obtaining possession of the Property for an unconscionable and commercially unreasonable amount, thus evidencing intent to harm BNYM.

87.     LVDG and Airmotive knowingly interfered with the contract between BNYM and the Borrower by wrongfully obtaining possession of the Property and attempting to extinguish BNYM's security interest in the Property.

88.     The HOA, Alessi, LVDG, and Airmotive all lacked justification for these interferences, because of the many constitutional infirmities in NRS 116.3116 *et seq.* described within this Complaint, including:

(a)     NRS 116.3116 et seq. on its face violates BNYM's constitutional rights, in particular those rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution which provide that the government shall not deprive any person "of life, liberty, or property, without due process of law" and is thus void and unenforceable. U.S. Const. amend. V, XIV.

(b)     The foreclosure pursuant to NRS 116.3116 *et seq.* effected a regulatory taking of BNYM's secured interest in the Property without just compensation, in violation of the United States Constitution. U.S. Const. amend. V.; and

(c)     Any purported notice provided was also inadequate, insufficient, and in violation of BNYM's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution. U.S. Const. amend. V, XIV.

89.     BNYM has been damaged by Defendants' conduct as specified herein, by the potential loss of its security interest in the Property, in an amount to be proven at trial hereof.

BNYM has been compelled to retain the undersigned counsel to represent it in this matter and has

and will continue to incur attorney's fees and costs.

### SIXTH CAUSE OF ACTION

**(Quiet Title – Against All Defendants)**

90.     BNYM repeats and re-alleges the allegations set forth in Paragraphs 1-89 herein.

91.     For all of the independent reasons cited above in Causes of Action 1-5, the HOA sale did not extinguish the senior Deed of Trust.

92.     For all of the independent reasons cited above in Causes of Action 1-5, BNYM requests an order declaring that the purported HOA foreclosure sale did not extinguish BNYM's Deed of Trust, which continues as a valid encumbrance against the Property.

93.     For all of the independent reasons cited above in Causes of Action 1-5, BNYM requests an order declaring that the purported HOA foreclosure sale be voided and set aside because LVDG and Airmotive are not bona fide purchasers of the Property.

94.     For all of the independent reasons cited above in Causes of Action 1-5, BNYM requests an order setting aside the purported HOA foreclosure sale as void because LVDG's $25,100.00 purchase price for the Property was not commercially reasonable.

95.     For all of the independent reasons cited above in Causes of Action 1-5, BNYM requests an order declaring that the purported HOA foreclosure sale be voided and set aside because LVDG's $25,100.00 purchase price for the Property was unconscionable.

96.     BNYM has been damaged by Defendants' conduct as specified herein, by the potential loss of its security interest in the Property, in an amount to be proven at trial.  BNYM has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

97.     Accordingly, BNYM requests that title be quieted, the cloud of title caused by Defendants' alleged interests and purported claims in the Property be removed, and BNYM's Deed of Trust continue as a valid encumbrance against the Property.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**NOW, THEREFORE,** The Bank of New York Mellon requests a judgment in its favor against Defendants Royal Highlands Street and Landscape Maintenance Corporation, Alessi & Koenig, LLC, Las Vegas Development Group, LLC, and Airmotive Investments, LLC as follows:

A.  A declaration in favor of BNYM that the Deed of Trust is not extinguished and continues as a valid encumbrance against the Property;

B.  That title in the Property be quieted in favor of BNYM's Deed of Trust;

C.  A declaration that the Deed of Trust is superior to the interest of LVDG, Airmotive, and any other defendants or claimants;

D.  That the HOA foreclosure sale be declared void and set aside;

E.  For consequential damages resulting from the HOA foreclosure sale;

F.  For judgment in an amount proven at trial in excess of $200,000;

G.  That BNYM be awarded attorney's fees and costs, plus interest accruing thereon, in its favor at the maximum rate allowed by law; and

H.  That the Court award such other and further relief as it may deem appropriate.

Dated: December __, 2017.          SNELL & WILMER L.L.P.

By: _____
    Andrew M. Jacobs (NV Bar No. 12787)
    Blakeley E. Griffith (NV Bar No. 12386)
    Holly E. Cheong (NV Bar No. 11936)
    3883 Howard Hughes Parkway, Suite 1100
    Las Vegas, Nevada 89169
    *Attorneys for Plaintiff Bank of New York Mellon*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200